IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

RICHELET ETIENNE
5004 Paducah Rd
College Park, Maryland 20740

     Plaintiff

     vs.

AMERI BENZ AUTO SERVICE LLC
4507 Upshur Street
Bladensburg, Maryland 20710


     Defendant

SERVE ON:

     Abebe Alemu
     2312 Calvert Street
     Hyattsville, Maryland 20783

and

ABEBE ALEMU
2312 Calvert Street
Hyattsville, Maryland 20783

     Defendant.

Case No.:  14-2800

**COMPLAINT**

    Plaintiff, Richelet Etienne, through counsel, Darragh L. Inman and the Law Offices of

Darragh L. Inman, hereby files this Complaint, and states:

## PARTIES

1.  Plaintiff Richelet Etienne resides at 5004 Paducah Rd., College Park, Maryland 20740.

    He is a resident of Prince George's County, Maryland.

2.  Defendant Ameri Benz Auto Service LLC ("ABA") is a forfeit Maryland business entity

    with its principal office located at 4507 Upshur Street, Bladensburg, Maryland 20710,

    which is located in Prince George's County, Maryland.  ABA's business entity status is

    not in good standing.

3.  Defendant Abebe Alemu is an officer and owner of ABA and resides at 2312 Calvert

    Street, Hyattsville, Maryland 20783.  ABA is not a business in good standing at the time

    of the filing of this Complaint, making him a proper party to this case.

4.  Collectively Defendants Abebe Alemu and ABA will be referred to as ("ABA" or

    Defendants) as they are jointly and severally liable for all causes of action pled in this

    Complaint.  The acts of a defunct business entity are the acts of its owner.

## JURISDICTION AND VENUE

5.  Count I of this Complaint states a cause of action under the Fair Labor Standards Act,

    Title 29 U.S.C. §§ 201-219.

6.  Federal jurisdiction is therefore proper under Title 28 U.S.C. §1331.

7.  The Complaint also states claims under the Maryland Wage Payment and Collection

    Law, MD Code Ann. §§ 3-501 – 3-509 ("MWPLC") and the common law tort of

    Conversion.  All State claims arise from the same common nucleus of operative facts.

    These State claims are part of the same case and controversy as the FLSA claim.  Federal

    jurisdiction over the State claims is therefore appropriate pursuant to Title 28 U.S.C.

    §1367.

8. All events occurred in Prince George's County, Maryland, conferring proper venue upon the Court pursuant to Title 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff was employed by ABA from January 2, 2013 to April 4, 2014.

10. Plaintiff earned $400.00 per week in wages from Defendants.

11. Defendants had actual and constructive knowledge that Plaintiff worked 65 hours per week.  Plaintiff did, in fact, work 65 hours per week, every week, during his employment with Defendant.

12. $400.00 per week for 65 hours of work amounts to $6.15 per hour.

13. Plaintiff did not receive overtime pay for time worked in excess of 40 hours per work.

14. Hence, Plaintiff worked 25 hours of overtime that were not compensated at the legally required time and a half overtime rate.

15. Plaintiff did not have the ability to hire or fire employees.

16. Plaintiff did not have the ability to control the actions of other employees.

17. Plaintiff was not a supervisor.

18.  The Federal Minimum wage is $7.25 per hour.  This was the Federal Minimum wage at all times during Plaintiff's employment with Defendants.

19. Plaintiff was paid below minimum wage for his entire period of employment at ABA.

20.  Plaintiff was not paid overtime for the time he worked beyond 40 hours.

21.  ABA also repeatedly docked Plaintiff's pay without justification and failed to pay Plaintiff for his final two weeks of work.

22. If properly calculated in accordance with the $7.25 minimum wage, Plaintiff should have earned $290.00 per week for his first 40 hours of work.

3

23. If properly calculated under the FLSA's time and a half overtime provision, Plaintiff should have then earned $272.00 per week for 25 hours per week he worked over the 40 hour workweek threshold.

24. Plaintiff worked 65.4 weeks for Defendants under the aforementioned conditions, in violation of the FLSA.

25. Plaintiff suffered $10,601.34 in lost wages as a result of Defendants' failure to comply with the minimum wage and overtime provisions of the FLSA.

26. Plaintiff repeatedly complained about the pay deductions, his pay being below minimum wage, and the failure to pay him overtime.

27. Plaintiff resigned from ABA on April 4, 2014.

28. At the time of Plaintiff's resignation, Defendant Alemu became angry with Plaintiff.

29. Plaintiff owned two vehicles, a 1993 Mercedes Benz, VIN Number WD3DA28D4PG033665 and a 1999 Mercedes Benz VIN Number WDBJF65H2XA839302, which were on Defendants' premises, and wrongfully retained by Defendants despite their knowledge of Plaintiff's ownership of the vehicles.

30. The 1993 Mercedes Benz is valued at $1,200.00 and the 1999 Mercedes Benz is valued at $6000.00.

31. Plaintiff incurred an additional $1,200.00 in expenses associated with Defendant's unlawful retention of his vehicles.

32. Plaintiff also owned tools that were on Defendants' premises.

33. Defendants' unlawfully refused to release the vehicles and the tools to Plaintiff.

34. Defendants did so with actual malice and conscious disregard for Plaintiff's lawful ownership rights.

35. Defendants released the tools, valued at $5,000.00, to Plaintiff on April 8, 2014.

36. At that time, Plaintiff was accompanied by a police officer, Officer D. Martin, from the Cottage City Police Department.

37. Defendant Alemu refused to release Plaintiff's vehicles.

38. Defendant Alemu became so irate during the encounter, that Officer D. Martin cited him for disorderly conduct.

39. Plaintiff continued to attempt to communicate with Defendants to resolve the issue.

40. In response Defendants indicated that Plaintiff would regret any legal action that he initiated.

**COUNT I- FAILURE TO PAY MINIMUM WAGE AND OVERTIME IN VIOLATION OF FAIR LABOR STANDARDS ACT**

41. Plaintiff incorporates paragraphs 1 through 40 as if fully stated herein.

42. Plaintiff was an employee of ABA.

43. Plaintiff did not have the ability to hire or fire other workers at ABA.

44. ABA is located in Prince George's County, Maryland.

45. Plaintiff earned $400.00 per week in wages.

46. Plaintiff worked 65 hours per week.  Defendants had actual and constructive knowledge that Plaintiff worked 65 hours per week.

47. $400.00 per week for 65 hours of work amounts to $6.15 per hour.

48. Plaintiff did not receive overtime pay for time worked in excess of 40 hours per work.

49. $400.00 dollars divided by 65 is $6.15 per hour, with 25 hours unpaid at the legally required time and a half overtime rate.

50. Plaintiff did not have the ability to hire or fire employees.

51. Plaintiff did not have the ability to control the actions of other employees.

52. Plaintiff was not a supervisor.

53. The Federal Minimum wage is $7.25 per hour.

54. Plaintiff was paid below minimum wage for his entire employment at ABA.

55. Plaintiff was not paid overtime for the time he worked beyond 40 hours.

56. If properly calculated in accordance with the $7.25 minimum wage, Plaintiff should have
    earned $290.00 per week for his first 40 hours of work.

57. If properly calculated under the FLSA's time and a half overtime provision, Plaintiff
    should have then earned $272.00 per week for 25 hours per week he worked over the 40
    hour workweek threshold.

58. Plaintiff worked 65.4 weeks for Defendants under the aforementioned conditions, in
    violation of the FLSA.

59. Plaintiff suffered $10,601.34 in lost wages as a result of Defendants' failure to comply
    with the minimum wage and overtime provisions of the FLSA.

60. Title 29 U.S.C. §207 entitles Plaintiff to an additional liquidated damages amount equal
    to the amount of overtime pay that Defendant unlawfully withheld.

61. Plaintiff worked 65.4 weeks for Defendants.

62. Plaintiff was entitled to 272.00 per week for the 25 hours of overtime he worked.

63. Accordingly, Plaintiff is entitled to an additional $7,723.74 in liquidated damages from
    Defendants.

**WHEREFORE, Plaintiff demands judgment in his favor on Count I, against Defendants,
jointly and severally, in the amount of $10,601.34 in compensatory damages and $7,723.74
in liquidated damages, for a total of $18,325.08 in total damages, plus reasonable attorney's
fees, and costs.**

**COUNT II—UNLAWFUL PAY DOCKING IN VIOLATION OF THE MWPCL**

64.  Plaintiff incorporates paragraphs 1-63 as if fully stated herein.

65. Defendants repeatedly made unlawful deductions from Plaintiff's paycheck.

66. These deductions often were made under a pre-textual reason or were made for no reason at all.

67. Plaintiff did not receive any written explanation for why the deductions were being made.

68. The MWPCL requires employers to pay employees earned wages within two weeks.

69. Defendants did not have a reasonable basis for making the deductions.

70. The deductions were as follows:

      11/1/2013:  $740       (-$60.00)

      3/7/2014:   $643.33   (-$156.67)

      1/24/2014: $734.00   (-$66.00)

      11/15/2013: $500      (-$500.00)

      1/10/2014:  $734.00   (-$66.00)

      2/21/2014: $733.34   (-$66.66)

      Total deductions:     $915.33

71. Accordingly, Defendants unlawfully failed to pay Plaintiff $915.33 in wages.  Defendants have also retained Plaintiff's last two weeks of pay, valued at $1,124.00, when properly calculated under the FLSA.

72. Plaintiff objected to the Defendants' failure to make these payments.

73. Defendants have responded to these objections with statements and conduct that reflects that the failure to make the payments was not a result of a *bona fide* dispute.

74. Plaintiff is plainly entitled to his last two weeks of pay, and there can be no *bona fide* dispute regarding this entitlement.

75. Accordingly, Defendants' deductions violate the MWPCL.

76. Plaintiff is entitled to recover the $915.33 in pay deductions and the $1,124.00 in pay he is owed for his final two weeks of employment.

77. Plaintiff is also entitled to treble damages and attorney's fees because the deductions and failure to pay Plaintiff for his last two weeks of work were not part of a *bona fide* dispute.

**WHEREFORE, Plaintiff demands judgment in his favor on Count II, against Defendants, jointly and severally, in the amount of $2,039.33, trebled to $6,117.99, plus reasonable attorney's fees, and costs.**

**COUNT III – COMMON LAW CONVERSION OF MOTOR VEHICLES**

78. Plaintiff incorporates paragraphs 1 through 77 as if fully stated herein.

79. Plaintiff was the owner of a 1993 Mercedes Benz, VIN Number WD3DA28D4PG033665 and a 1999 Mercedes Benz VIN Number WDBJF65H2XA839302 ("the vehicles").

80. The vehicles were on Defendants' property when Plaintiff's employment terminated.

81. Defendants retained the vehicles on their premises, in defiance of Plaintiff's ownership of the vehicles.

82. Defendants had no right to retain the vehicles.

83. Defendants retained the vehicles with the intent to exercise dominion and control over them in a manner inconsistent with the Plaintiff's rights.

84. Defendants retained the vehicles despite their consciousness of the wrongfulness of the retention.

85. Defendants retained the vehicles due to their ill will towards Plaintiff.

86. When Plaintiff attempted to retrieve the vehicles, with the assistance of a police officer, Defendant Alemu became so irate at Plaintiff that the Officer cited him for disorderly conduct.

87. The 1993 Mercedes Benz, VIN Number WD3DA28D4PG033665 is valued at $1,200.00.

88. The 1999 Mercedes Benz VIN Number WDBJF65H2XA839302 is valued at $6,000.00.

89.  Plaintiff incurred an additional fee of $1,200.00 during the period of Defendants' retention of the vehicle.

90. Plaintiff is entitled to the value of the vehicle, the value of the additional fees incurred due to its retention, and punitive damages.

**WHEREFORE, Plaintiff demands judgment in his favor on Count III, against Defendants, jointly and severally, in the amount of $8,400.00 in compensatory damages and $25,200.00 in punitive damages, for a total of $33,600.00 in total damages.**

## COUNT IV – COMMON LAW CONVERSION OF TOOLS

91. Plaintiff incorporates paragraphs 1 through 90 as if fully stated herein.

92.  Plaintiff owned tools valued at $5,000.00, which he kept on Defendants' premises.

93. The tools were on Defendants' property when Plaintiff's employment terminated.

94. Defendants retained the tools on their premises, in defiance of Plaintiff's ownership of the tools.

95.  Defendants had no right to retain the tools.

96.  Defendants retained the tools with the intent to exercise dominion or control over them in a manner inconsistent with the Plaintiff's rights.

97.  Defendants retained the tools despite their consciousness of the wrongfulness of the retention.

98.  Defendants retained the tools due to their ill will towards Plaintiff.

99.  Plaintiff was able to recover the tools with the assistance of a Police Officer, after his termination.

100.  During that recovery, Defendant Alemu became so irate that he was cited for disorderly conduct.

101. The tools are valued at $5,000.00.

102. Plaintiff is entitled to the value of the tools as damages and punitive damages.

**WHEREFORE, Plaintiff demands judgment in his favor on Count IV, against Defendants, jointly and severally, in the amount of $5,000.00 in compensatory damages and $15,000.00 in punitive damages, for a total of $20,000.00 in total damages.**

## AD DAMNUM

**WHEREFORE, Plaintiff demands judgment in his favor, on all Counts, against Defendants, jointly and severally, in the amount of $78,043.07, reasonable attorney's fees, and costs.**

Respectfully submitted,

_____/s/_____
Darragh L. Inman  (Bar No. 27163)
Law Offices of Darragh L. Inman
8160 Maple Lawn Blvd., Suite 200
Fulton, Maryland 20759
Phone:  240-701-3631
Fax:      866-579-2266
darragh.inman@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| RICHELET ETIENNE | |
|       Plaintiff | |
|       vs. | Case No.:_____ |
| AMERI BENZ AUTO SERVICE LLC et al. | |
|       Defendants. | |

## JURY DEMAND

Plaintiff, through counsel, hereby demands a trial by jury.

Respectfully submitted,

_____/s/_____
Darragh L. Inman  (Bar No. 27163)
Law Offices of Darragh L. Inman
8160 Maple Lawn Blvd., Suite 200
Fulton, Maryland 20759
Phone:  240-701-3631
Fax:      866-579-2266
darragh.inman@gmail.com

11